IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60651
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARCHIE GRIFFIN,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:94-CR-97
- - - - - - - - - -
August 5, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Archie Griffin appeals his conviction for conspiracy to illegally transport and receive firearms in violation of 18 U.S.C. § 371. He contends that the district court erred in refusing to suppress oral statements he made after his arrest, there was insufficient evidence to support his conviction, the district court erred in admitting "other acts" evidence, the court abused its discretion in denying his motion for a

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

continuance, and the district court erred in increasing his offense level under U.S.S.G. § 3B1.1(a) of the U.S. Sentencing Guidelines.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. The district court did not err in denying Griffin's motion to suppress his oral statements. See United States v. Hopkins, 433 F.2d 1041, 1045 (5th Cir. 1970). The evidence was sufficient for a reasonable jury to find Griffin guilty beyond a reasonable doubt. See United States v. Singer, 970 F.2d 1414, 1419 (5th Cir. 1992). The admission of "other acts" evidence was not unfairly prejudicial to Griffin. See United States v. Pace, 10 F.3d 1106, 1115-16 (5th Cir. 1993), cert. denied, 114 S. Ct. 2180 (1994). The court did not abuse its discretion in denying his motion for a continuance because Griffin failed to show that he suffered serious prejudice as a result of the denial. See United States v. Scott, 48 F.3d 1389, 1393 (5th Cir.), cert. denied, 116 S. Ct. 264 (1995). The court did not clearly err in assessing the four-level increase in Griffin's offense level for his leadership role. See United States v. Puig-Infante, 19 F.3d 929, 944 (5th Cir.), cert. denied, 115 S. Ct. 180 (1994).

Accordingly, the judgment is AFFIRMED.